UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Nationstar Mortgage, LLC,<br><br>           Plaintiff<br><br>v.<br><br>The Springs at Spanish Trail Association, et al.,<br><br>           Defendants | Case No. 2:15-cv-01217-JAD-GWF<br><br>**Order Granting in Part and Denying in Part the HOA's Motion to Dismiss**<br><br>[ECF 12] |

   This action challenges the 2013 nonjudicial foreclosure sale of a home in the common-interest community known as The Springs at Spanish Trail. Nationstar Mortgage, LLC claims it is the beneficiary of the senior deed of trust on the home. When the homeowner defaulted on his assessments owed to The Springs at Spanish Trail homeowners association ("the HOA"), the HOA sold the property to Saticoy Bay, LLC Series 6974 Emerald Springs for a small fraction of the mortgage balance.[1] Under the Nevada Supreme Court's holding in *SFR Investments Pool 1, LLC v. U.S. Bank*,[2] if the HOA properly foreclosed on a superpriority lien under NRS 116.3116, Nationstar's interest was extinguished.

   In an effort to revive its interest, Nationstar sues Saticoy Bay to quiet title, and it sues the HOA for bad faith and wrongful foreclosure; against both defendants, Nationstar seeks a declaration that the sale to Saticoy Bay did not extinguish its interest based on a handful of legal

---

[1] ECF 1. How Nationstar acquired this interest is unclear. In the complaint, Nationstar alleges merely that it received an assignment of the deed of trust on an unspecified date but it recounts that it was Bank of America that communicated with The Springs about its HOA lien. *See id*. at 6. But in its opposition to the motion to dismiss, Nationstar recounts that its predecessors in interest were "U.S. Bank, N.A. and HSBC Bank, N.A." and cites to paragraph 62 of its complaint. *See* ECF 15 at 3. Paragraph 62 references Bank of America, not U.S. Bank or HSBC. *See* ECF 1 at 11.

[2] *SFR Inv. Pool 1, LLC v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014) (en banc).

theories, including that NRS 116.3116 violates due process on its face.[3]

The HOA moves to dismiss all claims against it.[4] It argues that it is an improper party to Nationstar's quiet-title claim under Nevada law, and that Nationstar's bad-faith and wrongful-foreclosure claims must be dismissed because NRS 38.310 requires a court to dismiss any claim relating to the interpretation, application, or enforcement of an HOA's governing documents if the plaintiff has not first mediated or arbitrated its claim before the Nevada Real Estate Division. The HOA also argues that Nationstar's facial due-process challenge fails because the statutory scheme provided constitutionally adequate notice to first-deed-of-trust holders.

I find that the HOA is a necessary party to the quiet-title claim based on the relief Nationstar prays for, so I deny the motion to dismiss on this basis. But the Nevada Supreme Court's interpretation of NRS 38.310 in *McKnight Family, LLP v. Adept Management Services, Inc.*[5] requires dismissal of Nationstar's bad-faith and wrongful-foreclosure claims. And I find that NRS 116.3116 does not, on its face, violate due process, so I also dismiss Nationstar's claims to the extent they are based on a facial due-process challenge to Chapter 116.

## Discussion

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint.[6] A complaint should be dismissed under this rule only when it lacks "a cognizable legal theory or sufficient facts to support a cognizable legal theory."[7]

Nationstar pleads three causes of action: (1) declaratory relief and quiet title, (2) breach of

---

[3] ECF 1 at 7–9.

[4] ECF 10. I find this motion suitable for disposition without oral argument. L.R. 78-2.

[5] *McKnight Family, LLP v. Adept Mgmt. Servs., Inc.*, 310 P.3d 555 (Nev. 2013).

[6] *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

[7] *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

2

NRS 116.1113 (bad faith), and (3) wrongful foreclosure.[8]  Although the title of the declaratory relief/quiet title claim suggests it targets only Saticoy Bay, it also seeks to invalidate the HOA sale.[9]  By this motion, the HOA challenges portions of claim 1 and the entirety of claims 2 and 3.

**A.   The HOA is a necessary party.**

The HOA first argues that it is not a proper target of Nationstar's quiet-title claim because it "makes no claim to any interest held by" Nationstar.[10]  "NRS 40.010 governs Nevada quiet title actions and provides: 'An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action, for the purpose of determining such adverse claim.'"[11]  Although "[a] plea to quiet title does not require any particular elements,"[12] each party must have or assert an interest in the property.  Nationstar does not allege that the HOA has or claims,[13] and the HOA by its motion renounces,[14] any ***present*** interest in this property.  Indeed, the HOA's interest was the lien it held before—and satisfied with the proceeds of—the foreclosure sale.

But Nationstar is challenging the validity of that sale, and the remedies it seeks in this action include declarations that the sale was invalid, that the sale did not extinguish Nationstar's

---

[8] ECF 1.  Nationstar adds a fourth "claim" for "Injunctive Relief against Saticoy Bay." *Id*. at 13.  But injunctive relief is a remedy, not an independent claim for relief, *see, e.g., Indian Homes Programs, LLC Series III v. Green Tree Servicing, LLC*, 2015 WL 5132456, at *4 (D. Nev. Sept. 1, 2015), so I do not separately address this claim.

[9] *Id*. at 9-10,14.

[10] ECF 28 at 3.

[11] *Chapman v. Deutsche Bank Nat'l Trust Co*., 302 P.3d 1103, 1106 (Nev. 2013) (quoting Nev. Rev. Stat. § 40.010).

[12] *Id*.

[13] *See* ECF 1 at 7–11.

[14] ECF 28 at 2 ("the Association does not claim an interest in the Property adverse to Plaintiff.").

3

interest, and that the HOA improperly calculated the super-priority component of its lien.[15] With some limitations not applicable here, Rule 19(a) of the Federal Rules of Civil Procedure requires a party to be joined in a suit if it "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of [its] claimed interest."[16] The "complete relief" factor considers whether the existing parties can obtain "consummate rather than partial or hollow relief" and whether there is a real possibility of "multiple lawsuits on the same cause of action."[17]

Based on the type of relief Nationstar prays for, it appears at this nascent stage of this litigation that the HOA is a necessary party to Nationstar's quiet-title claim. The disposition of this action in the HOA's absence may impair or impede the HOA's ability to protect its interests. And if Nationstar succeeds in invalidating the sale without the HOA being a party to this suit, separate litigation to further settle the priority and extent of the parties' respective liens and rights may be necessary. Thus, at this point, the HOA appears to be a necessary party, at least nominally, so the motion to dismiss on this basis is denied.

**B.  NRS 38.310 requires dismissal of Nationstar's bad-faith and wrongful-foreclosure claims.**

The HOA next argues that NRS 38.310 requires me to dismiss Nationstar's claims for bad faith and wrongful foreclosure because Nationstar did not mediate or arbitrate those claims through the Real Estate Division of the Nevada Department of Business and Industry.[18] NRS 38.310 bars any "civil action based upon a claim relating to . . . [t]he interpretation, application

---

[15] ECF 1 at 9–10.

[16] Fed. R. Civ. P. 19(a).

[17] *Northrop Corp. v. McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983).

[18] ECF 12 at 5.

or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association"[19] that has not been first mediated or arbitrated. And NRS 38.300(3) defines "civil action" to include all claims except quiet-title claims and those seeking injunctive relief for an immediate threat of irreparable harm.[20] The court must consider each claim separately and dismiss those "initiated in violation of NRS 38.310(1)."[21]

### 1. NRS 38.310 requires the dismissal of all qualifying claims that have not been mediated or arbitrated.

Nationstar argues[22] that NRS 38.310's legislative history demonstrates that the statute is only intended to reach a "homeowner's claims against [an] HOA pertaining to rules and regulations governing the homeowner in the planned community."[23] But Nationstar's argument skips the first rule of statutory interpretation: "if a statute is clear and unambiguous," the court must give "effect to the plain and ordinary meaning of the statute's language, and . . . not resort to the rules of statutory construction."[24] Nationstar claims NRS 38.310 is ambiguous because it

---

[19] Nev. Rev. Stat. § 38.310.

[20] Nev. Rev. Stat. § 38.300(3).

[21] *McKnight Family, LLP*, 310 P.3d at 558.

[22] Nationstar's argument that NRS 38.310 "cannot affect" federal subject-matter jurisdiction misses the point. NRS 38.310 is not a jurisdictional statute; it is an exhaustion statute that creates prerequisites for filing certain state-law claims. Its applicability is governed by the *Erie* doctrine, *see United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 972 (9th Cir. 1999), which Nationstar fails to analyze here.

[23] ECF 15 at 8.

[24] *W. Sur. Co. v. ADCO Credit, Inc.*, 251 P.3d 714, 716 (Nev. 2011). This court must apply Nevada's rules of statutory construction when sitting in diversity. *See, e.g., In re Goldman*, 70 F.3d 1028, 1029 (9th Cir. 1995); *see also* ECF 1 at 1 (noting that jurisdiction in this case is based on diversity). *See also Silver State Elec. Supply Co. v. State ex rel. Dep't of Taxation*, 157 P.3d 710, 713 (Nev. 2007) ("If the words of a statute are unambiguous, this court will give those words their plain meaning. Otherwise, this court will look to legislative history and rules of statutory construction in determining the statute's meaning.").

"is silent as to whom it applies."[25] But the absence of limiting language does not render this statute ambiguous. "The preeminent canon of statutory interpretation requires [the court] to 'presume that the legislature says in a statute what it means and means in a statute what it says there.'"[26] Had the Nevada legislature intended to restrict NRS 38.310's application to claims between homeowners and their HOAs, it could have easily said so. Instead, it broadly prescribed alternative-dispute resolution for "any civil action" that meets the statutory definition.

###    2.    Nationstar's bad-faith and wrongful-foreclosure claims must be dismissed under NRS 38.310.

Nationstar's claims for bad faith and wrongful foreclosure meet that statutory definition. The Nevada Supreme Court staked out the statute's boundaries in *McKnight Family, LLP v. Adept Management Services, Inc.*[27] In *McKnight*, the homeowner sued the HOA alleging that it failed to properly credit his payments and wrongfully foreclosed based on delinquent assessments.[28] Like Nationstar, he alleged claims for quiet title, bad faith, and wrongful foreclosure.[29] The district court dismissed all of his claims under NRS 38.310 because the parties had not mediated or arbitrated before the suit was filed.[30]

On appeal, the Nevada Supreme Court held that the quiet-title claim should not have been dismissed because quiet-title claims are expressly exempted from the statute's definition of "civil action."[31] But the Court found that the bad-faith and wrongful-foreclosure claims "fell

---

[25] ECF 15 at 9.

[26] *Bldg. Energetix Corp. v. EHE, LP*, 294 P.3d 1228, 1232 (Nev. 2013) (quoting *BedRoc Limited, LLC v. United States,* 541 U.S. 176, 183 (2004)).

[27] *McKnight Family, LLP*, 310 P.3d at 555.

[28] *Id*. at 557.

[29] *Id.*

[30] *Id.*

[31] *Id*. at 559 ("it is not a civil action as defined in NRS 38.300(3)").

under NRS 38.310's purview."[32]  It reasoned that the NRS 116.1113 claim "required the district court to interpret regulations and statutes that contain[] conditions and restrictions applicable to residential property" and, because the homeowner "sought money damages" for this claim, it qualified as a "civil action[] as defined in NRS 38.300(3)."[33]  It also concluded that the homeowner's claim that the HOA wrongfully foreclosed because it failed to properly credit the homeowner's payments likewise "involve[d] interpreting covenants, conditions, or restrictions applicable to residential property" and also required the court to "interpret the CC&Rs to determine their applicability and enforceability regarding" this property owner.[34]

Like the claims in *McKnight*,[35] Nationstar's bad-faith and wrongful-foreclosure claims fall under the purview of NRS 38.310.  The bad-faith claim is founded on the allegation that the HOA breached NRS 116.1113 and its implied and express duties in the HOA's "CC&Rs, recorded prior to the first deed of trust," particularly "the obligations in the CC&Rs that [the HOA's lien] would be subordinate to the senior deed of trust."[36]  NRS 116.1113 imposes a duty of good faith and fair dealing on any act performed under an HOA's CC&Rs adopted in accordance with Chapter 116.[37]  So this bad-faith claim is "a claim relating to" the "enforcement of" both a covenant applicable to residential property and the "bylaws, rules[,] or regulations

---

[32] *Id*. at 558–59.

[33] *Id*.

[34] *Id*. at 560.

[35] "When interpreting state law, federal courts are bound by decisions of the state's highest court." *Easyriders Freedom F.I.G.H.T. v. Hannigan*, 92 F.3d 1486, 1494 n.4 (9th Cir. 1996) (quoting *Arizona Elec. Power Coop., Inc. v. Berkeley,* 59 F.3d 988, 991 (9th Cir. 1995)); *accord, Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494 n.5 (1982) (federal courts must follow the state courts' interpretation of a state statute).

[36] ECF 1 at 11.

[37] Nev. Rev. Stat. § 116.1113.

7

adopted by an association."[38]

The factual premise of Nationstar's wrongful-foreclosure claim is that: (1) the HOA gave inadequate notice or opportunity to cure the deficiency; (2) Bank of America had satisfied the superpriority portion of the lien before the foreclosure sale, so the foreclosure did not extinguish the deed of trust; (3) the sale price was commercially unreasonable; (4) the HOA breached the mortgage-protection clause in the CC&Rs; and (5) the HOA breached the covenant of good faith and fair dealing imposed by NRS 116.1113.[39] Each of these theories will require "[t]he interpretation, application or enforcement of" various provisions of NRS Chapter 116, which constitute "covenants, conditions or restrictions applicable to residential property," or "[t]he interpretation, application or enforcement of" the HOA's "bylaws, rules[,] or regulations."[40] I thus dismiss both claims under NRS 38.310.

**C.     Nationstar's facial due-process challenge fails.**

Finally, the HOA seeks to dismiss the portion of Nationstar's quiet-title claim that seeks a declaration that, on its face, NRS Chapter 116's nonjudicial-foreclosure scheme violates procedural due process because it "lacks any pre or post deprivation methods of providing" first-deed-of-trust holders like Nationstar "with notice and an opportunity to be heard."[41] The HOA argues that the statute's notice provisions satisfy due process, as the Nevada Supreme Court recognized in *SFR Investments Pool 1 v. U.S. Bank*.[42] Nationstar responds that the statutory scheme "impermissibly requires those with a security interest in a Nevada property subject to an HOA lien to 'opt-in' to their constitutional protections by requesting notice prior to an HOA's foreclosure—a requirement that fails to provide the mandatory notice guaranteed by the Due

---

[38] Nev. Rev. Stat. § 38.310(1).

[39] ECF 1 at 12–13.

[40] Nev. Rev. Stat. § 38.310(1).

[41] ECF 1 at 7–8.

[42] ECF 12 at 7–12.

Process Clause."[43]

Nationstar's theory was rejected in *Las Vegas Development Group v. Yfantis*, 2:15-cv-01127-APG-CWH, ECF 72 (D. Nev., Mar. 24, 2016), when Wells Fargo espoused it in another HOA-foreclosure challenge in this district. In *Yfantis*, Judge Andrew Gordon carefully evaluated the statutory scheme. He noted that NRS 116.31168 incorporates the notice provisions of NRS 107.090, which expressly requires notice to first-deed-of-trust holders,[44] and he observed that both the majority and the dissenting opinions in *SFR* agreed that "the statutory scheme requires notice to the first deed of trust holder, which is the issue in this case."[45] "The statute therefore does not violate due process because it does not require the first deed of trust holder to 'opt in' to receive notice as Wells Fargo argues."[46] Thus, Judge Gordon concluded, "[b]ecause the statute, properly interpreted, does not require the first deed of trust holder to opt in to receive notice, there is no due process violation."[47]

I find the *Yfantis* analysis and conclusion persuasive, and I adopt them here. Because I conclude that the nonjudicial foreclosure scheme did not require Nationstar and other first-deed-of-trust holders to "opt in" to receive notice of a foreclosure sale, Nationstar has not pled a plausible facial due-process challenge.[48] I therefore dismiss the portion of Nationstar's declaratory relief/quiet title claim based on this facial challenge.[49]

---

[43] ECF 15 at 13–21.

[44] *Yfantis*, 2:15-cv-01127-APG-CWH, ECF 72 at 8–9.

[45] *Id*. at 9 (citing *SFR*, 334 P.3d at 417–18 (majority opinion), 422 (Gibbons, C.J., concurring in part and dissenting in part).

[46] *Id*. at 9–10.

[47] *Id*. at 11.

[48] The HOA also argues that the due-process claim fails for lack of state action. Because I dismiss this claim based on my rejection of Nationstar's "opt in" interpretation, I do not reach the state-action argument.

[49] *See* ECF 1 at 7–9 (¶¶ 39–44).

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that The Springs at Spanish Trail Association's Motion to Dismiss Nationstar Mortgage, LLC's Complaint **[ECF 12] is GRANTED in part and DENIED in part**:

- **Nationstar's first claim for relief** (declaratory relief/quiet title) **is DISMISSED to the extent it raises a facial due-process challenge** to NRS Chapter 116;
- **Nationstar's second and third claims for relief** (breach of NRS 116.1113 and wrongful foreclosure) **are DISMISSED** under NRS 38.310.

Dated March 31, 2016

_____
Jennifer A. Dorsey
United States District Judge